**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ACS AUXILIARIES GROUP, INC.,
and CUMBERLAND ENGINEERING CORP.,

           Plaintiffs,

v.                                Case No. 12-C-1290

NICOS HOLDING CO., INC.
doing business as
NICOS POLYMERS & GRINDING and
COLL MATERIALS EXCHANGE LLC,

           Defendants.

## DECISION AND ORDER

Pending in this action are motions filed by the Plaintiffs, ACS Auxiliaries Group, Inc. and Cumberland Engineering Corp., (collectively the "Plaintiffs") for an order of replevin or attachment and for default judgment. (ECF Nos. 5, 8.) They also request that a replevin and attachment hearing be set for a date within 14 to 21 days of February 13, 2013.

The pending motions do not address the critical issue of subject matter jurisdiction as raised in the Court's December 21, 2012, and January 2, 2013, Decisions and Orders, in this case. (ECF Nos. 2, 6.) As twice stated by the Court, the Plaintiffs have not met their burden of establishing that this Court has subject matter jurisdiction over this action because they have not established the citizenship of Defendant COLL Materials Exchange

LLC ("COLL").  The Court contemplated that, after COLL had appeared in this action, the issue of its citizenship would be revisited.   (Court's Jan. 2, 2013, Dec. & Order, 2.)

At this juncture, COLL has been served.  It has not entered an appearance. And, the Plaintiffs request that the Court enter default judgment and allow attachment and replevin.

However, "[f]ederal district courts are courts of limited jurisdiction; 'they possess only that power authorized by Constitution and statute.'" *See Smart v. Local 702 International Brotherhood of Electrical Workers*, 562 F.3d 798, 802 (7th Cir. 2009)(citations omitted).  Jurisdiction is the "power to declare law," and without it the federal courts cannot proceed. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577, 583 (1999) (citations omitted). The Court may not ignore issues of subject matter jurisdiction. *See id.*

The Court will afford the Plaintiffs a final opportunity to establish COLL's citizenship.  If the Plaintiffs do not do so by the stated deadline, the pending motions and this action will be dismissed for lack of subject matter jurisdiction.  No other rulings on the Plaintiffs' motions will be issued unless they establish that the Court has subject matter jurisdiction over this action.

2

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Plaintiffs **MUST FILE** a second amended Complaint establishing COLL's citizenship **on or before March 15, 2013.**

Dated at Milwaukee, Wisconsin this 14th day of February, 2013.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

3